**John KELLY, By James Kelly, Brother and Next Friend, Plaintiff-Appellant,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, Defendant-Appellee.**

No. 72–1525

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 31, 1972.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Fred T. Rucker, Jackson, Miss., for plaintiff-appellant.

A. Spencer Gilbert, III, Jackson, Miss., Robert Mitten, Chicago, Ill., for defendant-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant, a fourteen year old boy, and a companion set out to join friends at a local swimming hole. On their way they crossed appellee-Railroad's yard where switching operations were in progress. As the boys crawled under a cut of cars, the cars moved, crushing appellant's leg. The movement was the result of switching maneuvers by Railroad's employees.

Appellant filed suit alleging his injuries were caused by Railroad's negligence. He later amended his complaint to charge that (1) Railroad had known for some time of persons crossing the tracks at the point where appellant was injured and by its acquiescence in such crossings had issued an "implied invitation" to use its property and (2) Railroad's employees had violated a Mississippi statute that prohibits switching rail cars by "kicking."

Railroad moved for summary judgment, which was granted by the district court. The court concluded that appellant was either a trespasser or at best a bare licensee, and that under Mississippi law the only duty owed a licensee is not to injure him intentionally, willfully, or through gross negligence. On the basis of affidavits submitted by Railroad and unopposed by appellant, the court decided that Railroad's conduct did not meet any of these three criteria and granted summary judgment. Although issues of negligence should not usually be decided by summary judgment, Gross v. Southern Railway Company, 414 F.2d 292 (5th Cir. 1969), we conclude, and appellant virtually concedes, that on the facts of this case the district court was correct in granting summary judgment on the basis of the original complaint.

The district court erred, however, in granting summary judgment on the two theories of recovery raised in the amended complaint. In opposition to the motion for summary judgment, appellant proferred three affidavits asserting that the path he took through the rail yard was one used often by people in the neighborhood with the knowledge of Railroad. He alleges that Railroad's acquiescence in the use of the path made him an invitee who was owed a higher degree of care than that owed a mere licensee. The district court's only response to this theory was to state that "[t]he railroad in this case did absolutely nothing to invite this minor to cross

these particular tracks in any manner at any time." The invitation issue was a disputed fact question and thus inappropriate for resolution on a motion for summary judgment. Fed.R.Civ.P. 56; Gross v. Southern Railway Company, *supra*. Since Mississippi recognizes the concepts of attractive nuisance and implied invitation, we cannot say that Railroad must prevail as a matter of law on this issue.

Appellant's second ground for recovery in the amended complaint was that Railroad was liable for violating Miss. Code Ann. § 7770.

> It shall not be lawful for any railroad company or other person to switch a railroad car in the manner commonly known as a "flying," "running," "walking," or "kicking" switch, within the limits of a municipality; and in case of injury resulting to any person or property from switching in violation of this section, the railroad company shall be liable in damages, without regard to mere contributory negligence of the party injured.

The district court did not refer in its order to § 7770 so was apparently unimpressed with this argument. However, one of Railroad's employees stated that he was "kicking" the cars at the time of the accident. Although another employee said he was not "kicking" the cars and that there was no need to kick them because this particular rail yard was a gravity yard, the conflicting statements certainly present a fact question on whether the law was being violated or not. Railroad argues that § 7770 does not protect licensees or trespassers but cites no authority for this contention. We conclude that the question of § 7770's applicability and the implied invitation issue were not proper matters for summary judgment and remand this case for trial. *See* Gross v. Southern Railway Company, 446 F.2d 1057 (5th Cir. 1971).

Reversed and remanded.